Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission MODIFIES and AFFIRMS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission, and the Commission has jurisdiction of the parties and of the subject matter.
2. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. An employment relationship existed between the plaintiff and the defendant-employer.
4. Fireman's Fund Insurance Company was the compensation carrier on the risk.
5. The plaintiff's average weekly wage was $300.00.
6. The following documents were stipulated into the record of this matter:
 a. Continental Insurance Company Records for a previous workers' compensation claim filed by the plaintiff;
b. Wayne County Memorial Hospital Records; and
 c. Dr. Robert L. Boltuch's medical records regarding the plaintiff.
7. The issues for trial are:
 a. Whether the claimant was injured by accident arising from and during the course and scope of his employment with the defendant on or about September 2, 1993.
 b. Whether the claimant is entitled to temporary total disability workers compensation benefits from September 2, 1993, and continuing until claimant reaches maximum medical improvement as the result of injury by accident which occurred during the course and scope of his employment with the defendant and, if so, how much?
 c. Whether the claimant sustained any permanent injury, has reached maximum medical improvement, and is entitled to permanent partial disability workers' compensation benefits as the result of injury by accident arising from and during the course and scope of his employment with the defendant and, if so, what percentage of disability and how much?
 c. Whether the claimant is entitled to have paid by the defendants all medical expenses incurred as a result of his injury by accident beginning on or about September 2, 1993.
* * * * * * * * * * *
The Full Commission modifies in part and adopts in part the Findings of Fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing the plaintiff was a forty-seven (47) year old male. The plaintiff's work history consisted primarily of jobs in the electrical wiring and cable television industry.
2. The plaintiff was employed by the defendant-employer as a cable installer. The plaintiff's job duties required him to climb poles, lift and carry cables and other equipment and dig ditches or trenches.
3. The plaintiff had a history of back problems which date back to a work-related incident in the middle to latter 1980's and two back surgeries in 1991.
4. On September 2, 1993, the plaintiff was a passenger in a pick-up truck which was owned by the defendant-employer. While stopped at an intersection, the plaintiff, together with the two other people in the truck, discovered that the truck was on fire. The plaintiff was seated to the far right at the passenger door; Jasper Sims was seated in the middle; and, Kenneth Davis was driving the truck.
5. The plaintiff testified that as he got out of the truck he fell backward over a big hill and thereby injured his back. Neither of the plaintiff's co-workers recall seeing the plaintiff fall. Plaintiff's testimony concerning a fall and resulting injury is not accepted as credible.
6. Prior to September 2, 1993 the plaintiff had florid degenerative changes of the spine, a thickening of the ligaments, an overgrowth of the facet joints and scar tissue.
7. The middle to late 1980's event which is alleged to have caused the plaintiff's initial back trouble involved the plaintiff stepping into a ditch while walking backwards in the performance of his duties.
8. Notwithstanding the pain that plaintiff testified that he experienced immediately following the alleged fall on September 2, 1993, the plaintiff started a new job on September 27, 1994 with Stackhouse, Incorporated. The plaintiff's duties with Stackhouse were substantially similar duties to his duties with the defendant-employer.
9. The plaintiff worked with Stackhouse from September 27, 1993 through January 19, 1994. Thereafter, the plaintiff was employed by a business concern known as Ertel. The plaintiff worked at Ertel from February 1994 until June, 1994.
10. The plaintiff was terminated from Stackhouse, Incorporated because he charged medications to Stackhouse without prior approval from said employer. The plaintiff alleges that the medications were necessitated by his alleged September 2, 1993 injury while in the employ of the defendant-employer.
11. The plaintiff has failed to prove by the greater weight of the evidence that he sustained an injury by accident or specific traumatic incident arising out of and in the course of employment; or that his disabling back condition was causally related to a work injury. The record does not reveal whether plaintiff was asymptomatic at the time of his alleged injury.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law the Full Commission makes the following
CONCLUSIONS OF LAW
1. The plaintiff did not sustain a compensable injury by accident or by specific traumatic incident on September 2, 1993.
2. The burden of proving each and every element of compensability is on the plaintiff. Harvey v. Raleigh PoliceDepartment, 96 N.C. App. 28, 384 S.E.2d 549 cert. denied,326 N.C. 906, 388 S.E.2d 454 (1989). Since plaintiff's testimony is not accepted as credible, plaintiff has failed to prove by the greater weight of the evidence that he sustained a compensable injury. Concerning credibility of witnesses in a workers' compensation proceeding, Judge Hedrick speaking for the Court of Appeals in Blalock v. Roberts Co., 12 N.C. App. 499
(1971), stated:
 The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony; it may accept or reject all of the testimony or a witness; it may accept a part and reject a part . . . (Citations omitted) the Commission has the duty and authority to resolve conflicts in the testimony of a witness or witnesses.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. The plaintiff's claim must, under the law, be and it is hereby DENIED.
2. Each side shall pay its own costs.
 S/ _____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________ LAURA K. MAVRETIC COMMISSIONER
S/ _____________ THOMAS J. BOLCH COMMISSIONER